# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2221

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　v.　　　　　　　　　　　　　　*　　Appeal from the United States
　　　　　　　　　　　　　　　　　　*　　District Court for the
Carey Blanchard,　　　　　　　　　　*　　Northern District of Iowa.
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　　 *　　　　　[UNPUBLISHED]

_____

Submitted:  October 13, 2005
Filed:  January 4, 2006

_____

Before ARNOLD, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Carey Blanchard appeals a judgment of conviction and sentence entered after a jury found her guilty on three criminal counts:  manufacturing, attempting to manufacture, or aiding and abetting the attempted manufacture of 50 grams or more of methamphetamine, *see* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846; attempting to manufacture or aiding and abetting the attempted manufacture of methamphetamine while creating a substantial risk of harm to the life of a minor, *see* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 858, 846; and receiving or possessing or aiding and abetting the receipt or possession of an unregistered firearm,

*see* 26 U.S.C. §§ 5841, 5861(d), 5871.  Following her conviction, the district court[1] sentenced Ms. Blanchard to 228 months in prison.

Ms. Blanchard first challenges the sufficiency of the evidence supporting each of her three convictions.  Reviewing the evidence in the light most favorable to the government, and accepting all reasonable inferences that support the jury's verdict, as we must, *see United States v. Barth*, 424 F.3d 752, 761 (8th Cir. 2005), we conclude that the record contains evidence sufficient to support the jury's verdict on each count. Testimony at trial supported a reasonable inference that Ms. Blanchard knew that her co-defendant, Shannon Lochner, was manufacturing methamphetamine at her residence; that she assisted him in storing some of the necessary elements for manufacturing methamphetamine; that she exposed her children to the substantial risks associated with the manufacture of  methamphetamine; and that she was aware that a sawed-off shotgun found at one of her residences was illegal.  Although Ms. Blanchard's testimony attempted to explain away this evidence, we are obliged to defer to the jury's determination of witness credibility.  *Id.* at 762.

Ms. Blanchard's other contention is that the district court's sentence was unreasonable in light of *United States v. Booker*, 125 S. Ct. 738, 765-67 (2005).  She contends that Mr. Lochner was more culpable than she was but was given a lower sentence.  Mr. Lochner entered a guilty plea on the day that the trial began and was sentenced to a term of 168 months.  Because Ms. Blanchard's sentence was 60 months longer than Mr. Lochner's, she contends that her sentence is unreasonable, particularly in light of 18 U.S.C. § 3553(a)(6), which by its terms requires a sentencing court to avoid "unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct."

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

As an initial matter, the United States contends that Ms. Blanchard's sentence is unreviewable pursuant to 18 U.S.C. § 3742(a), which governs a defendant's right to appeal a sentence. But we have previously determined that a sentence that is unreasonable is imposed "in violation of law" within the meaning of § 3742(a). 18 U.S.C. § 3742(a)(1); *United States v. Frokjer*, 415 F.3d 865, 875 n.3 (8th Cir. 2005). We therefore have jurisdiction under § 3742(a)(1) to consider Ms. Blanchard's appeal of her sentence.

Turning to the merits, we believe that the sentence imposed by the district court was reasonable. Ms. Blanchard was convicted of participating in the manufacture of methamphetamine, a dangerous drug with volatile precursors, in an apartment that she shared with her two children, ages 12 and 9. She also kept a sawed-off shotgun in her residence and did not lock the door to the room where it was kept. The district court noted that the jury's conviction of Ms. Blanchard necessarily reflected its finding that she was untruthful in her trial testimony. Under these circumstances, we cannot say that the court's decision to sentence Ms. Blanchard to 228 months in prison (which was significantly lower than the sentencing guidelines range of 324 to 405 months) amounted to an abuse of discretion. *See United States v. Dalton,* 404 F.3d 1029, 1032 (8th Cir. 2005). Nor do we believe that the district court violated § 3553(a)(6). Mr. Lochner pleaded guilty to charges that were different from Ms. Blanchard's, and he accepted responsibility for his actions. These distinctions "often justif[y] a more favorable sentence." *United States v. Chauncey*, 420 F.3d 864, 878 (8th Cir. 2005).

For the reasons stated, we affirm the judgment of conviction and the sentence imposed by the district court.

_____